> **Motion DENIED.**
>
> This ~~the~~ ^12th^ day of ^February^, 20^14^.
>
> /s/Louise W. Flanagan, U.S. District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| GILBERTO HERNANDEZ-CHAVEZ, | * |
| Petitioner, | * |
| vs. | * Case No: 5:08-CR-283-2-FL |
| UNITED STATES, | * |
| Respondant. | * |

MOTION TO DISMISS INDICTMENT FOR LACK OF EXCLUSIVE LEGISLATIVE AND
SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1)
FEDERAL RULES OF CIVIL PROCEDURE

Now Comes, Gilberto Hernandez-Chavez, Petitioner above-named and files this Motion to Dismiss Indictment for Lack of Exclusive Legislative and Subject Matter Jurisdiction pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure.

The law in this area is precise and divinitive. " It is axiomatic that jurisdiction can be challenged at any time, that jurisdiction is never waived and once challenged 'MUST' be proven." This is not a discretionary measure, but mandated by law. See <u>Main v. Thiboutot</u>, 100 S.Ct. 2502 (1980); <u>Hagens v. Lavine</u>, 415 US 533, and Title 5 USC § 556(d). Also no sanctions can be imposed absent proof of jurisdiction." <u>Standard v. Olsen</u>, 74 S.Ct. 768; Title 5 USC § 556 and § 558(b). In fact the court failed to satisfy its mandatory obligation to ascertain whether it had jurisdiction over this cause.

In 2008, Petitioner was indicted by grand jury, and charged with Conspiracy to Distribute and Possess With Intent to Distribute More Than 500 Grams of Cocaine in violation of Title 21 USC § 846; Possession of a Firearm During a Drug Trafficking Crime and Aiding and Abetting in violation of Title 18 USC §§ 924(c)(1)and (2); and Illegal Alien in POssession of a Firearm and Aiding and Abetting in violation of Title 18 USC §§ 922(g)(5) and 2. Petitioner subsequently pled guilty and was

sentenced to a term of 120 months imprisonment.

The jurisdictional challenge raised herein raises concerns about the Federal Government's arrest procedure of a state citizen within a states sovereignty. Due to the government's quest to obtain an indictment and conviction by any means possible, they in fact deliberately wiht knowledge and aforethought and with total disregard of law and procedure infringed upon the state of North Carolona's sovereignty. When the federal Government sets out to make an arrest of a state citizen, it 'MUST' Petition the State Attorney General of that state for permission to place said suspect in Federal custody, this is not left up to the court's discretion but mandated by law, Congress and the State Legislature. Therefore, any assumed jurisdiction must fail. During the instant cause the court acted outside of the law.

When the government attempts to arrest, or place in Federal Custody, a State Citizen within the Sovereignty of the State, it is mandated by law that the Government 'MUST' provide documented evidence that the Federal Government actually owns the property in the geographical location wher the alleged offense occurred, 'and' documented evidence that the State Governor had 'Ceded' Exclusive Legislative Jurisdiction to the Government over said geographical location and that the Government had Accepted it via(Title 40 USC § 255). Without jurisdictional documentation on the court records, the Federal Government-Courts are without Exclusive Legislative Jurisdiction over the geographical location where the alleged offense occurred and are acting outside of the law.

Article 1 Section 8 of the United States Constitution sets out and defines the jurisdictional limitation of the Federal Government within the several states:

> " To exercise Exclusive Legislative Jurisdiction in all cases
> whatsoever, over such District (not exceed ten miles square)
> as may by " Cession " of Particular States, and the Accept-
> ance of Congress becomeing the Seat of Government of the
> United States, and to exercise like authority over all places
> " Purchased " by " Consent " of the State in which the Same
> shall be, for the Erection of Forts , Magazines, Arsenals
> Dick-yards, and other needful Buildings." Anything outside
> these parameters is outside of Federal Jurisdiction, and
> belongs solely to the states."

It is obvious from the geographical location where the alleged offense occurred

and where the Petitioner was arrested that the federal Government lacked the requisite jurisdiction for its acts/action taken against this Petitioner. Here the court was acting outside of the law again.

In order for the Federal Government/Court to have and exercise Exclusive Legislative Jurisdiction over an offense and/or individual within the sovereignty of the State it 'MUST' determine if the area in question is actually owned by the Federal Government and have been 'Ceded' Exclusive Legislative Jurisdiction over the geographical location by the Governor of the that State via Title 40 USC § 255 and that the Government had Accepted it.

Now pursuant to Rule 12(b)(1) Motion Challenging Exclusive Lagislative Jurisdiction, the burden is on the Plaintiff/Government as the party asserting jurisdiction to prove that Federal Jurisdiction is proper. See McNutty v. General Motor Acceptance Corp.298 US 178, 189, 80 LED. 1135 56 S.Ct. 780 (1936);Adams v. Bain, 697 F2d. 1213, 1219 (4th Cir. 1982).

Under Mortensen v. First Fed. Sav and Loan Assn.549 F2d. 884, 981 (3rd. Cir. 1977); and Adams supra, 697 F2d. 1219 a Rule 12(b)(1) Motion Challenging Exclusive Legislative and Subject Matter Jurisdiction may attack/challenge the "existance of Exclusive Legislative and Subject Matter Jurisdiction in fact, quite apart from any pleadings. Therefore, should the Government/Court assert that Petitioner must bring this issue via Title 28 USC § 2255 is viod on its face. A Title 28 USC § 2255 is also CIVIL. It is quite simple to allude to jurisdiction but without jurisdictional documentation on the Court Records it must fall. The Record conclusively shows that the acts/actions taken against this Petitioner is/was unconstitutional and Impermissibility taken, the court had no constituted or vested authority to hear this cause. But the Government consciously, knowingly and by design for the sole purpose of manipulating the court failed to inform the court that it lacked Exclusive Legislative Jurisdiction over this cause and that it was acting outside of the law in doing so.

3.

In further support of Petitioner's Jurisdictional Challenge, the United States Supreme Court held in <u>Adams v. United States</u>, 87 1ED 1421, 319 US 321:

" That Unless and Until Notice of Acceptance of Jurisdiction has been given, Federal courts are without Jurisdiction to punish under criminal laws of the United States an act committed on lands acquired by the United States, where the applicable statue (Act of Oct. 9, 1940, 40 USC § 255) provides that United States agencies and authorities may accept Exclusive Jurisdiction over lands acquired by the United States by filing Notice with the Governor of the State, or by taking other similar appropriate action, and Unless and Until the United States has so Accepted Jurisdiction it shall be conclusively presumed that no such Jurisdiction has been Accepted. As seen from the above the Federal Courts Government cannot punish under criminal laws o fthe United States on property that it actually owns 'Unless the Governor of the State has so 'Ceded' Exclusive Legislative Jurisdiction over it, and that it was accepted. It is therefore obvious that the Federal Government/Courts cannot punish under criminal laws of the United States crimes committed on state property within the sovereignty of the state. Here again the Court was acting outside of the law.

The state statue that authorizes the United States to take jurisdiction over lands acquired by the United States within the state cannot <u>confer</u> jurisdiction upon Federal courts to punish under criminal laws of the United States an act committed thereon, where at the time of the alleged offense Notice of Acceptance of jurisdiction contemplated by the Act of Oct. 9th., 1940,40 USC § 255 had not been given.

Wherefore, based on the documented facts and the court records that the court/governmnet was without exclusive legislative and subject matter jurisdiction over this cause and Petitioner and was in fact acting outside of the law wiht its illegal actions, Petitioner prays that this Honorable Court grant his Motion and Dismiss the Indictment for lack of jurisdiction.

Respectfully submitted *Hernendez G*
Gilberto Hernandez-Chavez

4.

CERTIFICATE OF SERVICE

I hereby certify that I have this 23 day of JANUARY 2014, placed the foregoing Motion To Dismiss Indictment in the U.S. Mail, addressed to the following:

United States District Court

Office of the Clerk

413 Middle Street

New Bern, NC

28560

BY: *Gilberto Hernandez ch*
Gilberto Hernandez-Chavez
Reg. NO. 51341-056
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

5.